UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Jason George and Timothy Gillen and their successors as Trustees of the Operating Engineers Local #49 Health and Welfare Fund; Michael Crabtree and his successor(s) as a Fiduciary of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers,<br><br>Plaintiffs,<br><br>vs.<br><br>Ursa Major Directional Crossings, LLC., a limited liability company,<br><br>Defendant. | Civil File No. <u>0:20-cv-2033</u><br><br><br><br><br><br><br><br><br><br><br>**COMPLAINT** |

Plaintiffs, for their complaint against Defendant, state and allege as follows:

**IDENTITY OF PARTIES, JURISDICTION, VENUE**

1. Plaintiffs are Trustees and Fiduciaries of the Operating Engineers Local #49 Health and Welfare Fund and the Central Pension Fund of the International Union of Operating Engineers ("Funds").

2. The Funds are multi-employer, jointly-trusteed fringe benefit plans created and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. § 186(c)(5). The Funds are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, et seq. ("ERISA"), and are exempt from federal income taxation pursuant to Internal Revenue Code Section 501(c)(9).

3. Defendant Ursa Major Directional Crossings, LLC. ("Ursa Major") is a limited liability company, and is engaged in the construction business with a registered address and business address of 102 Bartleson Deer Trail, Greentown, Pennsylvania 18426.

4. Ursa Major employs individuals in the pipeline and drilling industry. Ursa Major signed an agreement to be bound to the National Pipe Line Agreement, a collective bargaining agreement, to obtain labor for that purpose. Ursa Major is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

5. This is an action to collect unpaid fringe benefit contributions due per the terms of the National Pipe Line Agreement pursuant to ERISA §515, 29 U.S.C. §1145. Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 515, 29 U.S.C. § 1145. Subject matter jurisdiction is also conferred by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

6. The trust funds for which the Plaintiffs are trustees are administered in Hennepin County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## **FACTUAL BACKGROUND**

7. At all times material herein, by execution of the agreement to be bound to the National Pipe Line Agreement (referred to herein as "CBA"), Defendant Ursa Major

was bound to the terms of the CBA between the International Union of Operating Engineers and the Pipe Line Contractors Association.

8. The CBA requires employers, such as Defendant, to make fringe benefit contributions to the Funds in accordance with the CBA's terms. These contributions must be made on behalf of all employees covered by the CBA, in amounts set forth and agreed upon therein, for the purpose of funding employee benefits. Payments are to be made to the Funds within 30 days following the month in which the work was performed.

9. Pursuant to the CBA and the Trust Agreements, Defendant is required to complete a report form with the information as required by the Trustees of the Funds, identifying each of their employees and each hour worked by that employee during the month performing covered work. All fringe fund reports and contributions must be submitted to Wilson-McShane Corporation, as the administrative agent designated by the Funds.

10. The CBA and the Trust Agreements also requires employers, such as Defendant, to make available employment and payroll records for examination and audit by the Plaintiffs' or their authorized agents whenever such examination is deemed, by the Trustees, to be necessary to the proper administration of the Plaintiff Funds and to ascertain whether the employer has properly complied with its fringe benefit contribution obligations.

## COUNT 1
## PROJECT AUDIT AMOUNT DUE

11. Plaintiffs reallege and incorporate by reference herein, paragraphs 1 through 9.

12. Plaintiffs obtained records and information relating to work performed on a project by Ursa Major for a general contractor, Michels Corporation, in Rochester Minnesota within the geographical jurisdiction of the CBA. The work was performed between July and October 2019.

13. Based upon the records for this project, Plaintiffs' auditors generated an invoice showing hours worked by various employees covered by the CBA for which fringe benefit contribution payments were not remitted to the Funds by Ursa Major.

14. Pursuant to ERISA §515 and §502(a)(2), Ursa Major is liable for all unpaid fringe benefit contributions discovered for hours worked by covered employees during the project audit period.

15. Based upon the records provided, the amount of fringe benefit contributions discovered to be owing to the Plaintiffs on the project audit invoice is $67,554.00.

16. In addition to the fringe benefit contributions due, ERISA § 502, 29 U.S.C. § 1132, provides for an award of interest on the unpaid contributions computed at a rate provided in 26 U.S.C. § 6621 or at the rate established by the plans, plus liquidated damages in the amount of 15% of delinquent contributions, or $10,133.10, as provided for in the CBA and the Agreement and Declarations of Trust under which the trust funds for which Plaintiffs are Trustees are established.

17. Pursuant to the CBA and Trust Agreements under which the employee benefit plans for which Plaintiffs are Trustees are established, and ERISA § 502, 29

U.S.C. § 1132, Defendant is also required to pay Plaintiffs their reasonable attorney fees and costs incurred in this action.

## COUNT II
### Right to Audit - January 2019 through December 31, 2019

18. Plaintiffs reallege and incorporate by reference herein, paragraphs 1 through 15.

19. Plaintiffs have the right to audit and verify amounts due for work performed under the Funds' Collection and Payroll Auditing Policy. Pursuant to this policy and the law, Defendant should produce a complete set of all employment and payroll records for Ursa Major when demanded by Plaintiffs.

20. To date, Ursa Major has ignored demands for an audit by Plaintiffs' auditors.for the period of January 2019 through December 31, 2019 for the purpose of auditing Defendant's compliance with the terms of the CBA and compliance with Section 515 of ERISA.

21. Upon information and belief, there have been hours worked by Defendant's employees for which fringe benefit contributions were not remitted.

22. Unless Defendant is ordered to specifically perform the obligation to produce records and permit the audit, Plaintiffs will have no means of verifying the proper amounts due and owing to Plaintiffs, if any, nor will Plaintiffs have adequate means of ascertaining the proper allocation of such contributions to Defendant's employees. Therefore, in the absence of this court's order as requested, Plaintiffs are without adequate remedy at law and will be subject to irreparable harm.

23. In addition to the fringe benefit contributions due per the audit, ERISA § 502, 29 U.S.C. § 1132, provides for an award of interest on the unpaid contributions computed

5

at a rate provided in 26 U.S.C. § 6621 or at the rate established by the plans, plus liquidated damages of 15% of delinquent contributions as provided for in the CBA and the Agreements and Declarations of Trust under which the trust funds for which Plaintiffs are Trustees are established.

24. The CBA and the Agreements and Declarations of Trust under which the trust funds for which Plaintiffs are Trustees are established, and ERISA § 502, 29 U.S.C. § 1132, entitle the Plaintiffs to their reasonable attorney fees and costs of this action, and any costs incurred in performing the audit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment of this Court against Defendant Ursa Major Directional Crossings, LLC, as follows:

1. For a judgment in the amount of at least $67,554.00 for unpaid fringe benefit contributions due per the hours disclosed pursuant to the project audit for work performed in Minnesota for a general contractor in 2019;

2. For a judgment for liquidated damages of $10,133.10 and interest on the unpaid fringe benefit contributions due from the project audit period, or double interest if greater than interest and liquidated damages.

3. A judgment ordering Defendants to produce for inspection and audit the following of their business records, for the period of January 2019 through December 31, 2019:

    a. All payroll registers or journals;

    b. All fringe fund remittance reports due for January 2019 through the date of the order;

    c. All time cards;

    d. All Internal Revenue 941 quarterly reports;

    e. All Form 1099s and 1096s;

    f. All Internal Revenue W-2 and W-3 forms (to the extent such forms are issued by the employer prior to the audit being completed);

    g. All payments to any individual for labor or services, regardless of whether the each Defendant classifies such individual as an employee or as a subcontractor;

    h. All cash disbursement reports or journals;

    i. All business checking account registers or journals;

    j. All checking account bank statements including copies of all checks issued from the accounts;

    k. All Minnesota quarterly unemployment reporting forms (MUTAs) and quarterly tax forms;

    l. All records identifying the type of work performed by each employee and individual who has performed services for each of the Defendant; and

    m. Any such additional records as are deemed necessary to the performance of such audit by representatives of Plaintiffs; that such production and inspection shall occur within ten (10) days of entry of this Court's Order requiring same at the premises of Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN 55425.

4. A judgment for amounts to be proven by motion or at trial for any and all delinquent fringe benefit contributions shown to be owing pursuant to the audit of the period of January 2019 through December 31, 2019, plus all additional amounts to which the Plaintiffs are entitled, including interest and liquidated damages under ERISA §502(a)(g) and the CBA.

5. Interest and any additional penalties or damages recoverable under ERISA § 502(g).

6. For an award of costs, disbursements and attorney fees according to law.

7

7. For such other and future relief as the Court deems proper.

Respectfully submitted,

                                **KUTAK ROCK LLP**

Dated:  September 23, 2020      By: *s/ Amanda R. Cefalu*
                                        Ruth S. Marcott (#176825)
                                        Amanda R. Cefalu (#0309436)
                                        Nathan T. Boone (#0398989)
                                        60 South Sixth Street, Suite 3400
                                        Minneapolis, MN 55402
                                        PH:  612-334-5000
                                        FX:  612-334-5050
                                        ruth.marcott@kutakrock.com
                                        amanda.cefalu@kutakrock.com
                                        nathan.boone@kutakrock.com